UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL REEVES,<br>Plaintiff,<br>-against-<br>UNITED STATES OF AMERICA, JOHN DOE FEDERAL AGENTS 1–10, DOES 11–25,<br>Defendants. | 26-CV-6135 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under the Federal Tort Claims Act, alleging false arrest, false imprisonment, wrongful seizure of his personal property, and negligence based on Plaintiff's March 12, 2024 arrest in Brooklyn, New York. Named as Defendants are the United States of America, ten unknown federal agents who may be personnel of Homeland Security Investigations, and Immigration and Customs Enforcement, and fifteen unknown individuals or entities. For the following reasons, the Court transfers this action under 28 U.S.C. § 1404 to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's claims in this action arise from his March 12, 2024 arrest by the New York Police Department ("NYPD"); Plaintiff has raised claims based on this arrest against the NYPD, the City of New York, an NYPD detective and various other NYPD officers in a pending lawsuit in the United States District Court for the Eastern District of New York, *Reeves v. City of New York*, No. 24-CV-2408 (NRM) (MMH) (E.D.N.Y.).[1] In this action, Plaintiff alleges that the United States and federal personnel were involved with the arrest based on NYPD's communications with federal personnel before the arrest. (Compl., ECF No. 1, at 7–8, ¶¶ 27–30.)

Because it is unknown where Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or Eastern District of New York. Even if the Court did assume that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at or near 217 Boerum Street, Brooklyn, New York (*id.* at 3, ¶ 6; 7, ¶ 29; 8, ¶ 32; 9, ¶ 39; 10, ¶ 44), venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses;

[1] Initially filed in the Southern District of New York on March 17, 2024, the case was transferred to the Eastern District of New York on March 22, 2024.

(5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, New York, and it is reasonable to expect that all relevant documents and witnesses also would be in Brooklyn. Indeed, Plaintiff pleads that he became aware of Defendants' involvement in the arrest through discovery in *Reeves v. City of New York*. (*See e.g.*, Compl., ECF No. 1 at 8, ¶ 31; 22–25.) The Eastern District of New York therefore appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 30, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge