UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MICHAEL REEVES,

Plaintiff,

**ORDER**

-against-

26-CV-4921 (NRM)(MMH)

UNITED STATES OF AMERICA, JOHN DOE FEDERAL AGENTS 1-10, and DOES 11-25,

Defendants.
---------------------------------------------------------X

**NINA R. MORRISON, United States District Judge:**

Plaintiff Michael Reeves, proceeding *pro se*, filed the above-captioned complaint in the United States District Court for the Southern District of New York on July 19, 2026. ECF No. 1. The action was transferred to this Court on August 12, 2026. ECF No. 8. Plaintiff did not pay the filing fees and instead submitted a request to proceed *in forma pauperis* ("IFP"). ECF No. 3. Because Plaintiff has not established that he is unable to pay the filing fees, his request to proceed IFP is denied. Plaintiff is granted 14 days from the date of this order to pay the filing fees or file a Long Form IFP application that provides sufficient information to determine whether he is indigent.

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350 plus an administrative fee of $55, for a total of $405. Under 28 U.S.C. § 1915, the Court may waive the filing fees upon finding a plaintiff indigent. The IFP statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). The statute is designed

to ensure that "indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). A litigant qualifies to proceed IFP if he "cannot because of his poverty pay or give security for the costs [of filing] and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (citation modified). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *Chowdhury v. Sadovnik*, No. 17-CV-2613 (PKC), 2017 WL 4083157, at *1 (E.D.N.Y. Sept. 14, 2017) (collecting cases). "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 22-CV-664 (TOF), 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

A court "shall dismiss" a case that has been filed IFP if the court determines that the litigant's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this district often apply that provision when a litigant's statement of income and assets fails to establish the level of poverty required under the IFP statute. *See, e.g., Bey v. Queens Cty., Supreme Cts.,* No. 19-CV-2038 (WFK)(PK), 2019 WL 11690197 (E.D.N.Y. May 1, 2019) (dismissing the action without prejudice where plaintiffs failed to pay the filing fee or submit an adequate IFP application); *Chowdhury*, 2017 WL 4083157 (directing plaintiff to pay the filing fee or file an amended IFP application); *Pinede v. N.Y.C. Dep't of Envt'l Prot.*, No. 12-CV-6344

(CBA), 2013 WL 141038 (E.D.N.Y. Apr. 8, 2013) (denying plaintiff's request to proceed IFP and directing payment of the filing fee in order to proceed).

In this case, Plaintiff does not provide sufficient information for the Court to find indigency that would entitle him to proceed without the prepayment of fees. In his IFP application, Plaintiff claims in answer to Question 3 that has no income. ECF No. 3 at 1-2. In response to the very next question, he states that has "monthly income [from] self employment," but he does not identify the amount of income. *Id.* at 2. In response to Question 5, he claims that he has no assets of value. *Id.* In response to Question 2, he states that he is "living w/ family who caring for me" [*sic*]. *Id.* at 1. Yet in response to Question 6, he states that he has regular monthly expenses of "Rent $1800, food, healthcare, living expenses." *Id.* at 2. H e also claims to support his elderly mother. *Id.* at 2. He does not explain how he supports himself or his mother or how he pays for these expenses.

Based on this incomplete information, the Court cannot find that Plaintiff is indigent and unable to pay the costs of filing, and thus the application to proceed IFP is denied. The Court directs Plaintiff to complete the Long Form IFP application available at https://www.uscourts.gov/forms-rules/forms/application-proceed-district-court-without-prepaying-fees-or-costs-long-form or to pay the $405 filing fees to the Clerk of Court of the Eastern District of New York within 14 days from the date of this Order if he wishes to proceed with this lawsuit. If Plaintiff fails to submit a completed Long Form IFP application or to remit the filing fees within the time allowed, the action may be dismissed without prejudice.

Should Plaintiff pay the filing fee or be granted IFP status, the Court will then review the merits of his complaint. The complaint alleges that federal agents surveilled him prior to his March 12, 2024 arrest and seeks to hold the United States responsible for that arrest and the subsequent search of his mobile phone and additional alleged surveillance. ECF No. 1. Plaintiff is currently litigating civil rights claims against the City of New York and New York City Police Officers related to the March 12, 2024 incident. *See Reeves v. City of New York, et al.*, No. 24-CV-2408 (NRM) (MMH) (E.D.N.Y.). The Court previously denied Plaintiff's request to further amend that action to name federal agents, upon finding that amendment would be futile as the proposed amended complaint contained "fanciful" and "fantastic" allegations. *Reeves v. City of New York*, No. 24-CV-2408 (NRM)(MMH), 2025 WL 2778348, at *3 (E.D.N.Y. Sept. 26, 2025), *report and recommendation adopted*, No. 24-CV-2408 (NRM) (MMH), Dkt. Entry Order dated 9/30/25. Moreover, Plaintiff was warned about filing future frivolous complaints. *Reeves v. United States Dep't of Just.*, No. 25-CV-2857 (NRM) (MMH), 2025 WL 1952073, at *3 (E.D.N.Y. July 16, 2025) (dismissing as frivolous Plaintiff's claims alleging constant surveillance by federal agents, describing Plaintiff's extensive litigation history, and warning Plaintiff that future frivolous filing could lead to entry of an order barring the acceptance of any future *in forma pauperis* complaints for filing in this Court without first obtaining leave of the Court), *appeal dismissed* (Sept. 2, 2025).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff, along with a Long Form IFP application, and to note the mailing on the docket.

**SO ORDERED.**

Brooklyn, New York
August 28, 2026

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge